UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZACK HITCHINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00814-JPH-MPB |
| ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, ) | |
| PLAINFIELD CORRECTIONAL FACILITY, ) | |
| I.D.O.C Facilities, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

**I.**
***In Forma Pauperis* Status**

The plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of Sixty-Two Dollars and Twenty-Eight Cents ($62.28). *See* 28 U.S.C. § 1915(b)(1). The plaintiff shall have **through May 7, 2021**, in which to pay this sum to the clerk of the district court.

The plaintiff is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2).

1

## II.
## Screening Standard

The plaintiff is a prisoner currently incarcerated at Plainfield Correctional Facility. Because the plaintiff is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III.
## The Complaint

The complaint names three defendants: 1) the Indiana Department of Correction (IDOC), 2) Staff at Plainfield Correctional Facility, and 3) Staff at Other IDOC Facilities. The plaintiff makes the following allegations in the complaint. Due to the COVID-19 pandemic, visitors have not been allowed at Plainfield Correctional Facility since March 2020. Mail received by inmates is photocopied before they receive it so that drugs cannot be received by mail. Despite these conditions, the availability and use of drugs in the facility has increased during the pandemic. This exposes the plaintiff to second-hand smoke which has caused him to have headaches and crazy

thoughts. The increase in drug use by other inmates has also led to an increase in fighting, making the facility more dangerous. The plaintiff alleges that the defendants are responsible for these conditions. He seeks money damages.

## IV.
## Dismissal of the Complaint and Opportunity to Show Cause

All claims against IDOC are **dismissed** because they are barred by the Eleventh Amendment. "'The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment.'" *de Lima Silva v. Dep't of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019) (quoting *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005)). "This immunity extends to state agencies and state officials in their official capacities." *Id.* Because the IDOC is a state agency, Eleventh Amendment immunity bars the plaintiff's claims against it.

All claims against the staff at Plainfield Correctional Facility and other IDOC Facilities are dismissed because a group of unknown individuals is not a suable entity under § 1983. Furthermore, to the extent the plaintiff alleges that staff were negligent, such a claim does not state a violation of the Constitution. Negligence alone is not sufficient to support a § 1983 claim. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018).

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through May 7, 2021,** in which to show cause why Judgment consistent with this Order should not issue or to file an amended complaint naming a viable defendant. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be

tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff files an amended complaint, it must be a complete statement of his claims, including the factual basis of those claims and the relief he seeks. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The proposed amended complaint should have the proper case number, 1:21-cv-00814-JPH-MPB, and the words "Amended Complaint" on the first page.

**SO ORDERED.**

Date: 4/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ZACK HITCHINGS
957017
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

4